## CORNWALL v. McELRATH et al.

### No. 15,778; March 8, 1895.

#### 39 Pac. 617.

**Administrator—Action on Note.**—It is **No Defense** to an action by an administrator upon a note due his decedent that pending the settlement of the estate the note was deposited with a trust company by order of court, and was produced therefrom only for the purpose of the action.

APPEAL from Superior Court, Alameda County; F. B. Ogden, Judge.

Action by one Cornwall, administrator, against one McElrath and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

J. E. McElrath for appellants; Jas. C. Martin and Geo. M. Shaw for respondent.

PER CURIAM.—Action by the personal representative of Jerusha Cornwall, deceased, upon a promissory note executed to her by the defendants. The defendants do not deny the execution of the note, or the amount claimed to be unpaid thereon. In their answer they deny that the plaintiff has or is entitled to the possession of the note, either as administrator with the will annexed or otherwise. At the trial the note was offered in evidence on behalf of the plaintiff,

and the defendants, in support of the above denial, rely upon the fact that it was shown by the plaintiff that under an order of the court, made in accordance with the provisions of section 3 of the act of April 6, 1891 (Stats. 1891, p. 490), the plaintiff had deposited the note with the California Safe Deposit & Trust Company, a corporation, and that it was produced from that custody under the order of court for the purposes of this action. This evidence was sufficient to justify the findings of the court. The note was a part of the estate of the deceased, and the plaintiff, as the administrator with the will annexed of said estate, was authorized to bring the action for its collection. The action of the superior court appointing the plaintiff as such administrator, or fixing the amount of his bond, or issuing letters of administration, or giving him directions regarding the temporary custody of the estate, cannot be collaterally attacked in any action by him upon a promissory note belonging to the estate. The note was held by the trust company subject to the order and direction of the court, and it was produced at the trial under the order of the court. Its production authorized it to be admitted in evidence, and the fact that it had been in the temporary custody of the trust company was a matter of no concern to the defendants, and constituted no defense to the action. The note was merged in the judgment, and a satisfaction of the judgment will extinguish the obligation of the defendants thereon. The judgment and order are affirmed.